## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

GREGORYS COFFEE TRADE, LLC

    Plaintiff,

  vs.

HIPCUP, INC.,

    Defendant.

Case No.: 1:18-cv-01039-LDH-SMG

Jury Trial Demanded

## HIPCUP, INC.'S ANSWER TO GREGORYS COFFEE TRADE, LLC'S COMPLAINT AND HIPCUP, INC.'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

In its answer to Gregorys Coffee Trade, LLC's ("Gregory" or "Plaintiff") complaint (the "Complaint"), the defendant, HipCup, Inc. ("HipCup" or "Defendant") denies each and every allegation except as admitted or qualified as follows:

## PRELIMINARY STATEMENT

1. HipCup admits that this action purports to seek a judgment for infringement of Gregorys' trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and (4) related

claims under the statutory and common laws of the State of New York. HipCup denies the remaining allegations in paragraph 1 of the Complaint.

2.     HipCup denies the allegations in paragraph 2 of the Complaint.

3.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint.

4.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint, but notes that the trademark with Registration Number 4,373,967 claims no pictorial element of eyeglasses composed of two coffee mugs.

5.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.     HipCup denies the allegations in paragraph 7 of the Complaint.

8.     HipCup admits that it sells coffee beans, ground coffee and coffee pods under its trademark currently pending registration under Application Number 87/344,611 (HipCup's Mark), but denies the remaining allegations in paragraph 8 of the Complaint.

9.     HipCup denies the allegations in paragraph 9 of the Complaint.

10.    HipCup denies the allegations in paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.     HipCup admits the allegations in paragraph 11 of the Complaint.

12.     HipCup admits that the Venue is proper pursuant to 28 U.S.C. §§ 1391(b) but denies the remaining allegations in paragraph 12 of the Complaint.

## THE PARTIES

13.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint.

14.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint.

15.     HipCup admits the allegations in paragraph 15 of the Complaint.

16.     HipCup admits that it sells roasted coffee beans, ground coffee and coffee pods via its storefront on Amazon.com, but denies the remaining allegations in paragraph 16 of the Complaint.

## STATEMENT OF FACTS

17.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint.

18.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint.

19.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint.

20.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint.

21.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

22.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint.

23.     HipCup admits the allegations in paragraph 23 of the Complaint.

24.     HipCup admits the allegations in paragraph 24 of the Complaint.

25.     HipCup admits the allegations in paragraph 25 of the Complaint.

26.     HipCup admits the allegations in paragraph 26 of the Complaint.

27.     HipCup admits the allegations in paragraph 27 of the Complaint.

28.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint.

29.     HipCup denies the allegations in paragraph 29 of the Complaint.

30.     HipCup denies the allegations in paragraph 30 of the Complaint.

31.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint.

32.     HipCup admits the allegations in paragraph 32 of the Complaint, but objects to Gregory's characterization of HipCup's Mark as "infringing".

33.     HipCup admits the allegations in paragraph 33 of the Complaint.

34.     HipCup lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint.

35.     HipCup denies the allegations in paragraph 35 of the Complaint.

36.     HipCup denies the allegations in paragraph 36 of the Complaint.

37.     HipCup denies the allegations in paragraph 37 of the Complaint.

38.     HipCup admits that it sells roasted coffee beans, ground coffee and coffee pods via its storefront on Amazon.com, but denies the remaining allegations in paragraph 38 of the Complaint.

39.     HipCup denies the allegations in paragraph 39 of the Complaint.

40.     HipCup denies the allegations in paragraph 40 of the Complaint.

41.     HipCup admits that it sells roasted coffee beans, ground coffee and coffee pods under HipCup's Mark, but denies that HipCup has any duty to seek Gregory's permission to use HipCup's own trademark in connection with the sale of HipCup's own goods.

42.     HipCup denies the allegations in paragraph 42 of the Complaint.

## COUNT I
## Federal Trademark Infringement
## (Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

43.     HipCup repeats and incorporates by reference its responses to the allegations in paragraphs 1-43 of the Complaint, as if fully set forth herein.

44.     HipCup denies the allegations in paragraph 44 of the Complaint.

45.     HipCup denies the allegations in paragraph 45 of the Complaint.

46.     HipCup denies the allegations in paragraph 46 of the Complaint.

47.     HipCup denies the allegations in paragraph 47 of the Complaint.

48.     HipCup denies the allegations in paragraph 48 of the Complaint.

## COUNT II
### Federal Unfair Competition and False Designation of Origin
### (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

49.     HipCup repeats and incorporates by reference its responses to the

allegations in paragraphs 1-49 of the Complaint, as if fully set forth herein.

50.     HipCup denies the allegations in paragraph 50 of the Complaint.

51.     HipCup denies the allegations in paragraph 51 of the Complaint.

52.     HipCup denies the allegations in paragraph 52 of the Complaint.

53.     HipCup denies the allegations in paragraph 53 of the Complaint.

54.     HipCup denies the allegations in paragraph 54 of the Complaint.

## COUNT III
### Federal Trademark Dilution
### (Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c))

55.     HipCup repeats and incorporates by reference its responses to the

allegations in paragraphs 1-55 of the Complaint, as if fully set forth herein.

56.     HipCup denies the allegations in paragraph 56 of the Complaint.

57.     HipCup denies the allegations in paragraph 57 of the Complaint.

58.     HipCup denies the allegations in paragraph 58 of the Complaint.

59.     HipCup denies the allegations in paragraph 59 of the Complaint.

60.     HipCup denies the allegations in paragraph 60 of the Complaint.

61.     HipCup denies the allegations in paragraph 61 of the Complaint.

62.     HipCup denies the allegations in paragraph 62 of the Complaint.

## COUNT IV
### New York Trademark Infringement

63.     HipCup repeats and incorporates by reference its responses to the
allegations in paragraphs 1-63 of the Complaint, as if fully set forth herein.

64.     HipCup denies the allegations in paragraph 64 of the Complaint.

65.     HipCup denies the allegations in paragraph 65 of the Complaint.

66.     HipCup denies the allegations in paragraph 66 of the Complaint.

67.     HipCup denies the allegations in paragraph 67 of the Complaint.

68.     HipCup denies the allegations in paragraph 68 of the Complaint.

## COUNT V
### New York Unfair Competition

69.     HipCup repeats and incorporates by reference its responses to the
allegations in paragraphs 1-69 of the Complaint, as if fully set forth herein.

70.     HipCup denies the allegations in paragraph 70 of the Complaint.

71.     HipCup denies the allegations in paragraph 71 of the Complaint.

72.     HipCup denies the allegations in paragraph 72 of the Complaint.

73.     HipCup denies the allegations in paragraph 73 of the Complaint.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

74.     HipCup demands trial by jury.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

HipCup denies that Plaintiff is entitled to the judgment and relief requested in the Complaint. Plaintiff's prayer for relief should be denied in its entirety, and Plaintiff should take nothing:

a.  HipCup denies Plaintiff is entitled to the judgment and relief requested in paragraph a of the Prayer for Relief.

b.  HipCup denies Plaintiff is entitled to the judgment and relief requested in paragraph b of the Prayer for Relief.

c.  HipCup denies Plaintiff is entitled to the judgment and relief requested in paragraph c of the Prayer for Relief.

d.  HipCup denies Plaintiff is entitled to the judgment and relief requested in paragraph d of the Prayer for Relief.

e.  HipCup denies Plaintiff is entitled to the judgment and relief requested in paragraph e of the Prayer for Relief.

f.  HipCup denies Plaintiff is entitled to the judgment and relief requested in paragraph f of the Prayer for Relief.

g.  HipCup denies Plaintiff is entitled to the judgment and relief requested in paragraph g of the Prayer for Relief.

h.  HipCup denies Plaintiff is entitled to the judgment and relief requested in

paragraph h of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

HipCup asserts the following affirmative defenses. Nothing in these

defenses is intended to or shall be construed as an argument or admission that

HipCup bears the burden of proof as to any matter raised in its defenses. HipCup

reserves the right to assert additional defenses and to amend its answer to the

Complaint as additional information becomes known in discovery.

## FIRST AFFIRMATIVE DEFENSE

Gregory has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Gregory's claims are barred by the doctrine of unclean hands, including,

without limitation, deceptively providing the USPTO with a grossly inaccurate

description of the trademark under Registration Number 4,373,967.

## THIRD AFFIRMATIVE DEFENSE

HipCup's trademark is not similar to any of the trademarks rights to which

Gregory asserted in this Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The trademark under Registration Number 4,373,967 is invalid and unenforceable due to Gregory's willful and material misrepresentations to the USPTO.

## FIFTH AFFIRMATIVE DEFENSE

The trademark under Registration Number 5,117,461 is invalid and unenforceable due willful and material misrepresentations to the USPTO by Gregory's predecessors in rights, title and interest to the trademark.

## SIXTH AFFIRMATIVE DEFENSE

Registration of the trademark in Gregory's trademark application Serial Number 87/240,807 has been refused by the examining attorney, and is unlikely.

## SEVENTH AFFIRMATIVE DEFENSE

Gregory is estopped by its own acts or omissions from obtaining relief against HipCup, including, without limitation, its failure to claim "eye glasses composed of two coffee mugs" as a pictorial element of the trademark in Registration Number 4,373,967.

## EIGHTH AFFIRMATIVE DEFENSE

Gregory has suffered no damages and/or has failed to mitigate its damages, if any.

## NINTH AFFIRMATIVE DEFENSE

10

The alleged damages sustained by Gregory, if any, are the proximate result of the acts and/or omissions of parties over which HipCup exercised no control.

## TENTH AFFIRMATIVE DEFENSE

HipCup hereby asserts all defenses available under applicable federal and state law. Additional facts may be revealed in discovery or otherwise supporting additional defenses presently available, but unknown, to HipCup. HipCup therefore reserves the right to assert additional defenses in the event discovery or investigation reveals additional defenses.

WHEREFORE, Defendant prays for judgment and requests that this Court:

a. Dismiss Plaintiff's claims with prejudice;

b. Enter judgment in favor of HipCup;

c. Award HipCup its reasonable costs, expenses, and attorneys' fees; and

d. Grant such other and further relief as the Court may deem just and proper.

## HIPCUP'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Pursuant to Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, the Counterclaimant/Defendant, HipCup, Inc. ("HipCup"), brings this Counterclaim Complaint for Declaratory Judgment as follows:

## PARTIES

75.    HipCup is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 2660 Gerritsen

Avenue, Brooklyn, New York 11235.

76.     HipCup sells roasted coffee beans, ground coffee and coffee pods

through its storefront on Amazon.com under its HipCup Mark.

77.     Upon information and belief, the Counterdefendant/Plaintiff,

Gregorys Coffee Trade, LLC ("Gregory") is a limited liability company organized

and existing under the laws of the state of New York, with its principal place of

business located at 263 West 38th Street, Suite 15E, New York, New York 10018.

78.     Upon information and belief, Gregory serves coffee-based beverages

in its coffee shops located mostly in New York City.

## JURISDICTION AND VENUE

79.     This action arises under the Federal Declaratory Judgments Act, 28

U.S.C. §§ 2201 and 2202. Gregory's assertion of trademark rights against HipCup

has given rise to an actual controversy between the parties, to which HipCup

requires a declaration of its rights by this Court.

80.     The controversy relates to an alleged infringement by HipCup of: (a)

the trademark in a presently refused trademark application Serial Number

87/240,807 ("87/240,807 Mark"); (b) the trademark registered under Registration

Number 5,117,461 ("5,117,461 Mark"); and (c) the trademark registered under

Registration Number 4,373,967 ("4,373,967 Mark") (collectively, "Gregory's

Marks"), as well as to alleged violations of state laws prohibiting unfair

12

competition and restraint of trade.

81.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201,

and 2202 because Gregory regularly conducts business in the State of New York.

82.     Venue is proper pursuant to 29 U.S.C. §§ 1391 because Gregory

regularly conducts business in this judicial district.

## FACTUAL ALLEGATIONS

### *Registration of 87/240,807 Mark is Unlikely*

83.     On November 17, 2016, Gregory filed an application with the USPTO

to register its 87/240,807 Mark for use, in part, with "coffee, iced coffee, prepared

coffee and coffee-based beverages, roasted coffee beans, espresso, espresso drinks,

sandwiches, bread and cakes" in Class 30. A copy of the application bearing Serial

Number 87/240,807 is annexed hereto as **Exhibit A**.

84.     87/240,807 Mark claims the date of first use anywhere, and the date of

use in commerce as early as August 1, 2011.

85.     In the office action dated March 2, 2017, the examining attorney

refused registration of the applied-for mark due to (a) the likelihood of confusion

with 5,117,461 Mark; and (b) because the specimen did not show the applied-for

mark in use in commerce in International Classes 25 and 30. A copy of the March

2, 2017 office action is attached hereto as **Exhibit B**.

86.     Gregory responded, in part, to the March 2, 2017 office action by

13

acquiring all rights, title and interest in and to 5,117,461 Mark. Gregory, however, did not answer the specimen-based refusal, and, consequently, on September 28, 2017, the examining attorney issued a final office action refusing registration: (a) for failure to provide specimen showing the applied-for mark's use in commerce in Classes 25 and 30; and (b) because goods listed in the application did not appear to be "goods in trade" in Class 16. A copy of the September 28, 2017 final office action is attached hereto as **Exhibit C**.

87.    As of this present time, registration of 87/240,807 Mark is refused because Gregory neither satisfied nor overcame the refusals previously raised in the two office actions. Moreover, since Gregory appears to be unable to provide specimen showing use of 87/240,807 Mark in commerce as early as August 1, 2011, registration of 87/240,807 Mark is unlikely.

### *Invalid 5,117,461 Mark*

88.    Gregory acquired all rights, title and interest in and to 5,117,461 Mark to overcome the examining attorney's refusal to register Gregory's then pending 87/240,807 Mark's application.

89.    By way of background, on December 30, 2015, Chocolatte, Inc., a New York corporation who is not a party to this action, filed a trademark application with the USPTO directed at 5,117,461 Mark for use in connection with "foods services and foods", which was further amended to "food services and food

14

preparations, namely; restaurants, cafes, espresso bars, ice cream parlors, caterings, coffee shops, juice bars" in Class 43. A copy of the prosecution history of 5,117,461 Mark is annexed hereto as **Exhibit D**.

90.    Chocolatte, Inc. asserted April 20, 2012 as the date of 5,117,461 Mark's first use in commerce. Chocolatte, Inc., however, could not possibly be using 5,117,461 Mark in commerce on April 20, 2012 because Chocolatte, Inc. was not even formed until January 22, 2013. A copy of Chocolatte, Inc.'s entity status report is annexed hereto as **Exhibit E**.

91.    The prosecution history of 5,117,461 Mark, see **Exhibit D**, clearly shows that the applicant struggled to provide the USPTO with an acceptable specimen, and it took five office actions before a fifth amended specimen - a photograph of a coffee shop's menu bearing 5,117,461 Mark - was finally accepted. A copy of the accepted specimen is annexed hereto as **Exhibit F**.

92.    The address of the coffee shop – 1302 Lincoln Pl. in Brooklyn, New York – is shown at the bottom of the accepted specimen. That address, however, belongs to a private single-family residence that could not possibly house any eating establishments at any time, including the alleged date of first use, April 20, 2012.

93.    This clearly bogus specimen was knowingly submitted to the USPTO in connection with the trademark application directed at 5,117,461 Mark, and that

deceitful submission was material because the registration of 5,117,461 Mark would not otherwise be granted.

### *Invalid 4,373,967 Mark*

94.     On August 28, 2012, Gregory filed an application with the USPTO to register its 4,373,967 Mark for use, in part, with "coffee, iced coffee, prepared coffee and coffee-based beverages, roasted coffee beans, espresso, espresso drinks, sandwiches, bread and cakes" in Class 30. A copy of 4,373,967 Mark's application is annexed hereto as **Exhibit G**.

95.     In that application, Gregory provided the following description of its 4,373,967 Mark: "The design consists of a boy with a full head of hair **wearing eye glasses**" (emphasis added).

96.     On December 20, 2012, the examining attorney issued a non-final office action refusing registration of 4,373,967 Mark because of "broad, vague language that does not accurately describe the applied-for mark" while advising Gregory that the application "must include an accurate and concise description that identifies all literal elements as well as any design elements in the mark.  *See* 37 C.F.R. §2.37; TMEP §808.02." A copy of the December 20, 2012 office action is annexed hereto as **Exhibit H**.

97.     Gregory, after being put on notice that it **must** provide an accurate description, amended its description of 4,373,967 Mark as follows: "The mark

16

consists of a design that consists of a boy with a full head of hair **wearing eye glasses** within a circle design" (emphasis added). A copy of Gregory's response to the December 20, 2012 office action is annexed hereto as **Exhibit I**.

98.     Thus, both the original and the amended descriptions of 4,373,967 Mark did not claim eyeglasses in a shape of coffee mugs. Yet in its Complaint, Gregory described 4,373,967 Mark as "the outline of a male face . . . **with eyeglasses composed of two coffee mugs**", Compl. ¶ 4 (emphasis added).

99.     Undoubtedly, an image of a coffee mug would be considered a descriptive element of a graphic trademark directed at "coffee, iced coffee, prepared coffee and coffee-based beverages, roasted coffee beans, espresso, espresso drinks". Thus, had 4,373,967 Mark's application, as well Gregory's response to the December 20, 2012 office action truthfully described 4,373,967 Mark as having eyeglasses composed of two coffee mugs, it is likely that the USPTO would have required Gregory to disclaim the exclusive right to use a descriptive "coffee mugs" pictorial element pursuant to TMEP § 1213.03(c).

100.   As evidenced by the foregoing specifically alleged facts, Gregory knowingly provided inaccurate and misleading statements to the USPTO concerning its 4,373,967 Mark, first in the originally filed application, and then in its response to the December 20, 2012 office action.

101.   As evidenced by the foregoing specifically alleged facts, Gregory

made the aforementioned inaccurate statements with a specific intent to deceive the USPTO and procure registration of its 4,373,967 Mark without being subjected to the disclaimer requirement of 37 C.F.R. §2.37.

102.   In its description of 4,373,967 Mark submitted to and accepted by the USPTO, Gregory failed to claim an important descriptive pictorial element of the mark – eyeglasses formed by two coffee mugs.

103.   That deceitful submission was material, because the application would not be allowed without Gregory being required to disclaim the exclusive right to use that descriptive pictorial element apart from the mark.

104.   Furthermore, Gregory was on notice to provide an accurate description of its 4,373,967 Mark, yet it failed to do so.

*HipCup Mark*

105.   On February 21, 2017, HipCup filed an application with the USPTO to register its HipCup Mark for use with the sale of its coffee and coffee-related products, Serial Number 87/344,611. A copy of the trademark application bearing Serial Number 87/344,611 is annexed hereto as **Exhibit J**.

106.   On June 28, 2017, the USPTO, upon finding that HipCup Mark was entitled to registration, issued a Notice of Publication. Upon information and belief, Gregory learned about HipCup's existence when HipCup Mark was published for opposition in the Official Gazette on July 18, 2017. Shortly

thereafter, Gregory filed an opposition with the Trademark Trial and Appeal

Board, which is currently stayed pending resolution of action.

***Non-Infringement of Gregory's Marks***

107.   A side-by-side comparison shows that HipCup Mark and Gregory's

Marks are not at all similar:



108.   The only common pictorial element of Gregory's Marks are

eyeglasses formed by a pair of coffee mugs. That element is not unique however,

because a cursory search of the USPTO trademark database returns a number of

registered trademarks comprising images of eyeglasses formed by two coffee

mugs:

| Registration No.: 4,866,126 |  |
| --- | --- |
| Registration No.: 4,929,646 | |

| Registration No.: 4,425,037 | |
| --- | --- |
| Registration No.: 4,224,574 | |
| Registration No.: 5,061,504 | |



| Registration No.: 5,011,563 |  |
|---|---|
| Registration No.: 2,840,204 | |

## FIRST DECLARATORY JUDGMENT COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of 4,373,967 Mark)

109.   HipCup repeats and incorporates by reference the allegations in paragraphs 75-108 of its Counterclaims, as if fully set forth herein.

110.   This counterclaim is for declaratory judgment of noninfringement of 4,373,967 Mark.

111.   HipCup has not infringed 4,373,967 Mark.

## SECOND DECLARATORY JUDGMENT COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of 5,117,461 Mark)

112.   HipCup repeats and incorporates by reference the allegations in paragraphs 75-111 of its Counterclaims, as if fully set forth herein.

113.    This counterclaim is for declaratory judgment of noninfringement of 5,117,461 Mark.

114.    HipCup has not infringed 5,117,461 Mark.

### THIRD DECLARATORY JUDGMENT COUNTERCLAIM
#### (Declaratory Judgment of Noninfringement of 87/240,807 Mark)

115.    HipCup repeats and incorporates by reference the allegations in paragraphs 75-114 of its Counterclaims, as if fully set forth herein.

116.    This counterclaim is for declaratory judgment of noninfringement of 87/240,807 Mark.

117.    HipCup has not infringed 87/240,807 Mark.

### FOURTH DECLARATORY JUDGMENT COUNTERCLAIM
#### (Declaratory Judgment of Invalidity of 4,373,967 Mark – Fraud on USPTO)

118.    HipCup repeats and incorporates by reference the allegations in paragraphs 1-117 of the Complaint, as if fully set forth herein.

119.    This counterclaim is for declaratory judgment of invalidity of 4,373,967 Mark due to fraud committed on the USPTO.

120.    In connection with 4,373,967 Mark, Gregory has sought to obtain, and actually obtained federal registration of 4,373,967 Mark through fraud with the intention of deceiving the USPTO.

121.    Gregory's assertion of trademark rights in 4,373,967 Mark against HipCup has given rise to an actual controversy between the parties.

122.   HipCup has been, and continue to be damaged by Gregory's assertion of 4,373,967 Mark's rights.

## FIFTH DECLARATORY JUDGMENT COUNTERCLAIM
### (Declaratory Judgment of Invalidity of 5,117,461 Mark – Fraud on USPTO)

123.   HipCup repeats and incorporates by reference the allegations in paragraphs 1-122 of the Complaint, as if fully set forth herein.

124.   This counterclaim is for declaratory judgment of invalidity of 5,117,461 Mark due to fraud committed on the USPTO.

125.   In connection with 5,117,461 Mark, Gregory's predecessors in all rights, title and interest have sought to obtain, and actually obtained federal registration of 5,117,461 Mark through fraud with the intention of deceiving the USPTO.

126.   Gregory's assertion of trademark rights in 5,117,461 Mark against HipCup has given rise to an actual controversy between the parties.

127.   HipCup has been, and continue to be damaged by Gregory's assertion of 5,117,461 Mark's rights.

## REQUEST FOR RELIEF

WHEREFORE, HipCup prays for judgement as follows:

a.   For a declaration that Gregory's 4,373,967 Mark is invalid and unenforceable, including, without limitations, against HipCup;

b.   For a declaration that Gregory's 5,117,461 Mark is invalid and

24

unenforceable, including, without limitations, against HipCup;

c.  For a declaration that HipCup's use of its HipCup Mark does not violate 15
U.S.C §§ 1114(1), 1125(a) and 1125(c), and does not constitute unfair
competition or unfair business practices under the common or statutory law
of New York or any other state of the United States;

d.  Directing the Commissioner of Patents and Trademarks to cancel the
registrations of 5,117,461 Mark and 4,373,967 Mark;

e.  Such other and further relief as this Court deems equitable and just.

Respectfully submitted,
VLADIMIR TSIRKIN & ASSOCIATES

By:  __s/Vladimir Tsirkin_____
Vladimir Tsirkin
104 N. Broadway Suite A
South Amboy, New Jersey 08879
(732) 525-2200
*Attorneys for the Defendant HipCup, Inc.*

Dated:    South Amboy, New Jersey
February 26, 2018.

25

## DEMAND FOR TRIAL BY JURY

Counterclaimant/Defendant HipCup, Inc. hereby demands a trial by jury to decide all issues so triable in this case.

.

Respectfully submitted,
VLADIMIR TSIRKIN & ASSOCIATES

By:   __s/Vladimir Tsirkin_____
Vladimir Tsirkin
104 N. Broadway Suite A
South Amboy, New Jersey 08879
(732) 525-2200
*Attorneys for the Defendant HipCup, Inc.*

Dated:    South Amboy, New Jersey
February 26, 2018.